JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—
# GENERAL

| Case No. | 2:23-cv-09314-JWH-DFM | Date | April 15, 2024 |
|---|---|---|---|
| Title | U.S. Bank, National Association v. Rene A. Polanco, et al. | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER REMANDING ACTION TO STATE COURT**

The Court *sua sponte* **REMANDS** this action to Los Angeles County Superior Court for lack of subject matter jurisdiction, for the reasons set forth below.

## I.  BACKGROUND

Plaintiff U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-4N ("U.S. Bank") commenced this action in Los Angeles County Superior Court in February 2023 against Defendants Rene A. Polanco, Fernando Torres, and Does 1-10.[1]  The Unlawful Detainer Complaint asserts a single cause of action under state law for unlawful detainer.[2]

---

[1]   Compl. (the "Unlawful Detainer Complaint") [ECF No. 1], Ex. 1 at 7-10 (CM/ECF pagination).

[2]   *Id.* at ¶¶ 1-11.

In November 2023, Polanco, who is proceeding *pro se*, removed this case to this Court pursuant to 28 U.S.C. §§ 1331, 1343, & 1367.[3] In his Notice of Removal, Polanco asserts that "[t]he allegations in this action are related to the Federal Court Action . . . which is a related case . . . involving Federal Questions of Law."[4] It appears that Polanco is referring to the action captioned as *Polanco v. Lehman Brothers*, Case No. 8:23-cv-02075-JWH-DFM, which was filed in November 2023 (the "Polanco Case"). In the Polanco Case, Polanco asserts federal and state law claims against Defendants Lehman Brothers; U.S. Bank National Association as Trustee for Lehman XS Trust Mortgage Pass Through Certificates, Series 2007-4N; U.S. Bancorp, a corporation; Andrew Cecere aka CEO for U.S. Bank, N.A.; Richard S. Fuld Jr. AKA CEO of Lehman Brothers; Hany N. Louis; Natalya S. Sheddan; Carlos Morales; and All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate Lien, or Interest in the Property described in this Complaint adverse to Plaintiff's Title thereto; and Does 1-5.[5] In the Polanco Complaint, Polanco alleges that "defendants foreclosed by fraud"[6] on a property that has the same address as the property identified in the Unlawful Detainer Complaint.[7]

Also in November 2023, Polanco moved to dismiss the Unlawful Detainer Complaint.[8] In its opposition, U.S. Bank asserted that this case should be "immediately remanded" because "the federal court lacks subject matter jurisdiction over Plaintiff's sole cause of action for unlawful detainer."[9] Polanco did not file a reply in support of his Motion.

In December 2023, the Court issued an Order to Show Cause regarding subject matter jurisdiction.[10] In its OSC, the Court remarked that it appears that the Court lacks subject matter jurisdiction over this case. The Court directed

---

[3] Notice of Removal ¶¶ 2 & 3 [ECF No. 1].

[4] *Id.* at ¶ 1.

[5] Compl. (the "Polanco Complaint") filed in *Polanco v. Lehman Brothers*, Case No. 8:23-cv-02075-JWH-DFM [ECF No. 1].

[6] *Id.* at ¶ 6.

[7] *Compare id.* at ¶ 2 *with* Unlawful Detainer Complaint ¶ 1.

[8] Def.'s Mot. to Dismiss (the "Motion") [ECF No. 7].

[9] Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 13] 2:21-22.

[10] Order to Show Cause Regarding Subject Matter Jurisdiction (the "OSC") [ECF No. 14].

Polanco to file a written response to the OSC to explain whether this Court has subject matter jurisdiction over the Unlawful Detainer action.[11] Polanco responded to the OSC by asserting that U.S. Bank violated his constitutional rights.[12]

## II.  LEGAL STANDARD

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great Northern R. Co. v. Alexander*, 246 U.S. 276, 280 (1918)).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  There "are two bases for subject matter jurisdiction in federal court: federal question jurisdiction and diversity jurisdiction." *Coleman v. Baumgartner*, 2023 WL 6149892, at *1 (N.D. Cal. Sept. 20, 2023).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392.  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).  Diversity jurisdiction requires that:  (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) the matter is "between . . . citizens of different states[.]"  28 U.S.C. § 1332.  "The party asserting federal subject matter jurisdiction bears the burden of burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  "The Ninth Circuit 'strictly construe[s] the removal statute against removal jurisdiction,' and '[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.'" *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1060 (C.D. Cal. 2014) (citation omitted).

---

[11]     *Id.* at 3.

[12]     *See generally* Def. Polanco's Response to the OSC (the "OSC Response") [ECF No. 15].

## III. ANALYSIS

From the Court's review of the Unlawful Detainer Complaint, it is evident that the Court lacks subject matter jurisdiction over the instant case.

"Unlawful detainer actions are strictly within the province of the state courts." *Barefield v. HSBC Holdings PLC*, 2019 WL 11274585, at *3 (E.D. Cal. Apr. 9, 2019); *see, e.g.*, *Galileo Fin. v. Miin Sun Park*, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

In his OSC Response, Polanco asserts that U.S. Bank violated his constitutional rights. It appears that Polanco is referencing the allegations that he raised in the Polanco Case. Notwithstanding the pendency of a related case, the "court must consider whether it has jurisdiction over the removed unlawful detainer action." *See U.S. Bank Nat. Ass'n v. Tyler*, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (remanding an unlawful detainer action even though the defendant filed a related case over which the court possessed subject matter jurisdiction). In view of those authorities, the Court concludes that it lacks federal question jurisdiction over the Unlawful Detainer action.

The Court also lacks diversity jurisdiction over the Unlawful Detainer action. The Unlawful Detainer Complaint was filed as a limited civil case, meaning that the amount demanded does not exceed $25,000.[13] "A defendant has a particularly heavy burden where the state court complaint specifically indicates that it seeks damages of less than $75,000." *U.S. Bank Nat. Ass'n*, 2010 WL 4918790, at *1. Polanco has made no showing to suggest that he can meet that heavy burden.

Accordingly, the Court concludes that this action must be remanded, because the Court lacks subject matter jurisdiction.

---

[13] *See generally* Unlawful Detainer Complaint.

## IV.  DISPOSITION

For the reasons set forth above, the Court **ORDERS** as follows:

1. This action is **REMANDED** to Los Angeles County Superior Court.

2. The hearing set on the Motion to Dismiss [ECF No. 7] and the Scheduling Conference [ECF No. 12] are **VACATED**.

**IT IS SO ORDERED.**